E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
  UNITED STATES ATTORNEY'S OFFICE
  411 W. Fourth Street
  Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-Mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. SA CR 22-184-JWH |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT **ARNOLDO MERAZ** |
| v. | |
| ARNOLDO MERAZ, | [21 U.S.C. § 841(a)(1)] |
| Defendant. | |

1.   This constitutes the plea agreement between ARNOLDO MERAZ ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DATE: January 2, 2024 v.4

**DEFENDANT'S OBLIGATIONS**

2.   Defendant agrees to:

(a)   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to all counts charged in the five-count First Superseding Information attached hereto as Exhibit "A" or a substantially similar form, which charges defendant with the following felony offenses: (1) three counts of Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), (B)(vi), or (C); and (2) two counts Possession with Intent to Distribute Cocaine (two counts), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

(b)   Not contest facts agreed to in this Agreement.

(c)   Abide by all agreements regarding sentencing contained in this Agreement.

(d)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

(e)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this Agreement.

(f)   Be truthful at all times with the Court and the United States Probation and Pretrial Services Office (hereafter, the "United States Probation Office").

(g)   Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay.

DATE: January 2, 2024 v.4

(h)   Agree to imposition of the following condition of supervised release, which defendant agrees is clear and reasonably related and necessary to achieve the sentencing goals of specific deterrence and protecting the public:

> Defendant shall submit his person and property ⸺ including any residence, vehicle, containers, papers, effects, and computers, cellular telephones, and other electronic communication or digital storage devices and social media accounts, under his control ⸺ to search and seizure at any time of the day or night by any law enforcement officer or probation officer, with or without a warrant, probable cause, or reasonable suspicion.

## USAO'S OBLIGATIONS

3.   The USAO agrees to:

(a)   Not contest facts agreed to in this Agreement.

(b)   Abide by all agreements regarding sentencing contained in this Agreement.

(c)   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

(d)   Subject to the mandatory minimum, recommend that defendant be sentenced to a total term of imprisonment at the low end of the applicable Sentencing Guidelines range, _provided_ that the Total Offense Level used by the Court to determine that range is  31 or higher and provided that the Court does not depart downward in

Offense Level or Criminal History Category.  (For purposes of this Agreement, the low-end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.)

(e)  At the sentencing hearing, move to dismiss the previously-filed Indictment.  Defendant agrees, however, that at the time of sentencing the Court may consider the offense conduct referenced in the dismissed Indictment when determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### NATURE OF THE OFFENSES

4.  Defendant understands that for defendant to be guilty of the crimes charged in Counts ONE, TWO, and FOUR of the First Superseding Information to be filed in this case, that is, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), (B)(vi), or (C), the following must be true:

(1)  defendant knowingly possessed fentanyl; and

(2)  defendant possessed it with the intent to distribute it to another person.[1]

Defendant also understands that, in order to be subject to the statutory maximum and statutory minimum sentences applicable set

---

[1]  As to all five counts, it does not matter whether the defendant knew that the substance was the specific controlled substance alleged in the count; it is sufficient that the defendant knew that it was some kind of a federally controlled substance.  An "intent to distribute" a controlled substance means an intent to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in the transaction.  See 9th Cir. Model Crim. Instr. 12.1.

4

forth below, it must also be true as to Count ONE that defendant possessed with intent to distribute at least 400 grams of fentanyl, and it must also be true as to Count TWO that defendant possessed with intent to distribute at least 40 grams of fentanyl.

5. Defendant understands that for defendant to be guilty of the crimes charged in Counts THREE and FIVE of the First Superseding Information to be filed in this case, that is, Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true:

(1)   defendant knowingly possessed cocaine; and

(2)   defendant possessed it with the intent to distribute it to another person.

**PENALTIES**

6. Defendant understands that the statutory maximum sentence that the Court can impose for Count ONE of the First Superseding Information, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(vi), is as follows: life imprisonment; a life-term of supervised release (which term must be at least 5-years); a fine of $10,000,000; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for Count TWO of the First Superseding Information, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(vi), is as follows: 40 years' imprisonment; a life-term of supervised release (which term must be at least 4-years); a fine of $5,000,000; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for Counts THREE, FOUR, and FIVE of the First Superseding Information, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), is as follows: 20 years' imprisonment; a life-term of supervised release (which

term must be at least 3-years); a fine of $1,000,000; and a mandatory special assessment of $100.  Therefore, the total statutory <u>maximum</u> sentence that the Court can impose for all five counts of the First Superseding Information is as follows: life imprisonment; a life-term of supervised release (which term must be at least 5-years); a fine of $18,000,000; and a mandatory special assessment of $500.

7.   Defendant understands that, absent a finding by the Court that defendant is "safety-valve" eligible under 18 U.S.C. § 3553(f), the statutory <u>mandatory minimum</u> sentence that the Court must impose for <u>Count ONE</u>, pursuant to 21 U.S.C. §§ 841(b)(1)(<u>A</u>)(vi), is as follows: 10-years' imprisonment and a 5-year term of supervised release.  Likewise, absent a finding by the Court that defendant is "safety-valve" eligible under 18 U.S.C. § 3553(f), the statutory <u>mandatory minimum</u> sentence that the Court must impose for <u>Count TWO</u>, pursuant to 21 U.S.C. §§ 841(b)(1)(<u>B</u>)(vi), is as follows: 5-years' imprisonment and a 4-year term of supervised release.  Because the minimum terms of imprisonment do not stack (<u>i.e.</u>, need not be run consecutively), the <u>total</u> statutory mandatory minimum sentence that the Court must impose (absent "safety-valve" eligibility) for all of the counts to which defendant is pleading guilty is: 10-years' imprisonment and a 5-year term of supervised release, along with the $500 mandatory special assessment.

8.   Defendant understands that, under 21 U.S.C. § 862a, defendant may not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits

6

or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to felony offenses and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including, but not limited to, the revocation of probation, parole, or supervised release that may have been imposed on defendant in connection with a prior case (if any) and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.   Defendant understands that if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied

7

DATE: January 2, 2024 v.4

United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of the convictions in this case on defendant's immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.  Defendant further understands that any such adverse immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

**FACTUAL BASIS**

12.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree that the following statement of facts is accurate and sufficient to support the guilty pleas to the charges described in this Agreement and to establish the Sentencing Guideline factors set forth below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a)   On September 30, 2022, in Orange County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute approximately 436.6 grams of fentanyl (also known as N-phenyl-N-[1-(2-phenylethyl)-4-

8

Piperidinyl] propanamide), a Schedule II narcotic drug controlled substance.  The fentanyl was in the form of approximately 3,978 blue "M-30" pills, which were held in multiple plastic baggies and stored in concealed compartments in fake household-good containers (e.g., a jug of "Clorox bleach," cannister of "Lysol wipes," etc.).  Defendant possessed the fentanyl pills in his car.  Along with the fentanyl pills, defendant also knowingly possessed the following items, which he admits are indicia of his drug-trafficking activities and intent to distribute: over a hundred of clear plastic baggies for use in packaging drugs for sale to others; a digital scale; 298 tablets of a Xanax-type substance; and approximately $6,000 in drug-sale proceeds.

b)   On or about November 28, 2022, in the City of Santa Ana, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute approximately 49.03 grams of fentanyl (also known as N-phenyl-N-[1-(2-phenylethyl)-4-Piperidinyl] propanamide).  The fentanyl was in the form of approximately 447 blue "M-30" pills and 0.63 grams of powder, which were in small clear plastic baggies that were all stored in a larger clear, zip-lock baggie.  Defendant stored the fentanyl in the hotel safe for his room (Room 1022) at the Embassy Suites Hotel, located at 1325 E. Dyer Road, Santa Ana, CA 92705.  Inside the safe,

DATE: January 2, 2024 v.4

defendant also possessed a fake "Ajax" bleach bottle with a false bottom, which he used to conceal narcotics.

c) On December 5, 2022, in the City of Orange, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute approximately 16.85 grams of cocaine, a Schedule II narcotic drug controlled substance. While at the Best Western Hotel located at 720 The City Drive South, Orange, CA, defendant knowingly possessed the cocaine in a clear plastic baggie located in defendant's car. Along with the cocaine, defendant also knowingly possessed the following items, which he admits are indicia of his drug-trafficking activities and intent to distribute: nine blue "M-30" fentanyl pills (contained in three small baggies), a digital scale covered with a white powdery substance consistent with cocaine, and $416 in cash. In his car, at the same time and place, defendant also knowingly possessed a 9mm semi-automatic handgun, loaded with five 9mm rounds, which he had under the front passenger seat of his car.

d) On December 19, 2022, in the City of Santa Ana, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute approximately 11.19 grams of fentanyl (SN-phenyl-N-[1-(2-phenylethyl)-4-

10

Piperidinyl]), and approximately 14.15 grams of cocaine.  The fentanyl was in the form of approximately 104 blue "M-30" pills.  The cocaine and most of the fentanyl pills were in multiple plastic baggies on defendant's person at the time of his arrest, with a small number of the pills found in his car and hotel room at the La Quinta Hotel, located 2721 Hotel Terrace Drive, Santa Ana, CA.  In his hotel room, defendant also possessed a digital scale, which he used to weigh drugs for sale to others.

e)   In and around 2022, defendant used Snapchat accounts to advertise the availability of cocaine and fentanyl pills for sale.  Two such accounts were "Arnoldo_8286" and "Ylk Products."  For example, on December 13, 2022, when he had a new supply of fentanyl-laced "blues"/"M-30" pills, defendant used his "Ylk Product" Snapchat account to advertise that fact, as follows:  "A1 [Blue Pill]s batch back in!! [Fire icon].  MOBILE ALL DAY.  HMU [Hit Me Up] B4 THEY GONE!!"  Defendant also used cellphones in furtherance of his drug-trafficking activities.

## SENTENCING FACTORS

13.  In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set -forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of

11

receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| **Base Offense Level**: | **30** | USSG § 2D1.1(a)(5), (c)(5) (offenses involved a total Converted Drug Weight of more than 1,000 KG, but less than 3,000 KG, namely, **1,246.7 KG** of Converted Drug Weight)[2] |
| **Offense Characteristics** | | |
| Firearm was Possessed: | **+2** | USSG § 2D1.1(b)(1) |
| Distributed controlled substances through mass-marketing by means of interactive computer service: | **+2** | USSG § 2D1.1(b)(7) (use of Snapchat accounts to advertise drugs for sale) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a "career offender" under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's

---

[2] The calculation of "Converted Drug Weight" is based on all fentanyl and cocaine seized from defendant in connection with the charged offenses, including "relevant conduct" pursuant to USSG § 1B1.3. The total amount of fentanyl is 496.19 grams, which, when multiplied by 2,500 grams, produces a Converted Drug Weight of 1,240,475 grams or 1,240.47 KG. The total amount of cocaine is 31.2 grams, which, when multiplied by 200 grams, produces a Converted Drug Weight of 6,240 grams or 6.24 KG. (Note: The multipliers used to calculate the Converted Drug Weights are in USSG § 2D1.1, Application Note 8(D).)

12

offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above in this paragraph.

15. The parties have no agreement as to defendant's criminal history or Criminal History Category.

16. Subject to the mandatory minimum (if applicable), defendant reserves the right to argue for a sentence below the advisory sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a). Likewise, and because the Court is not bound to accept its sentencing recommendation, the USAO reserves, without limitation, the right to make any and all arguments in support of the sentencing recommendation it has promised to make in Paragraph 3(d) hereof, including the citation of aggravating facts and regardless whether those facts are then known to the Court. The USAO also reserves the right to make any and all arguments in opposition to a defense request for, or United States Probation Office recommendation of, any sentence below the USAO's sentencing recommendation.

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that, by pleading guilty, defendant gives up the following rights:

(a) The right to persist in a plea of not guilty.

(b) The right to a speedy and public trial by jury.

(c) The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. (Defendant understands, however, that defendant retains the right to be represented by counsel -- and if necessary have the Court

13

appoint counsel -- at every other stage of the proceeding.)

(d)  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

(e)  The right to confront and cross-examine witnesses against defendant.

(f)  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

(g)  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

(h)  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>**WAIVER OF APPEAL OF CONVICTION**</u>

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

14

## LIMITED MUTUAL WAIVERS OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment that is within or below the Sentencing Guidelines range corresponding to Total Offense Level  31  and the Criminal History Category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the term of imprisonment imposed by the Court; (b) the procedures and calculations used by the Court to determine and impose the term of imprisonment; and (c) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum.  Defendant also waives and gives up the right to appeal all of the following other portions of the sentence: (a) the fine imposed by the Court, provided it is within or below the applicable Guidelines range set forth in USSG § 5E1.2; (b) the term of supervised release imposed by the Court, provided it is within the statutory maximum; and (c) any of the following conditions of supervised release imposed by the Court: (i) the conditions set forth in Second Amended General Order 20-04 of this Court; (ii) the drug-testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); (iii) the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); (iv) the search-condition in Paragraph 2(h) of this Agreement; and (v) any other condition to which defendant does not object at or before sentencing.

20.   The USAO agrees that it gives up its right to appeal any portion of the sentence, provided all portions of the sentence are within the statutory minimums and maximums specified above, and the Court imposes a total term of imprisonment within or above the range

corresponding to Total Offense Level __31__ and the Criminal History Category calculated by the Court.

### WAIVER OF COLLATERAL ATTACK

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, newly-discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional and any and all claims that the statement of Factual Basis contained herein is insufficient to support defendant's pleas of guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering guilty pleas pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing any of the guilty pleas on any basis other than a claim and finding that entry into this Agreement was involuntary, then the USAO will be relieved of all of its obligations under this Agreement.

### BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after the Effective Date of this Agreement, knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached.  All of defendant's obligations are material, a single breach of this Agreement is sufficient for the USAO to declare a breach, and

defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this Agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this Agreement.

<u>**COURT AND U.S. PROBATION OFFICE NOT PARTIES**</u>

24.  The Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this Agreement. Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the Court and the United States Probation Office, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing

17

Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the Guideline stipulations in Paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the Court and the United States Probation Office, even if that factual information may be viewed as inconsistent with the facts agreed to in this Agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this Agreement.

**NO ADDITIONAL AGREEMENTS**

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

**EFFECTIVE DATE OF AGREEMENT**

28.  This Agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

//

//

//

//

//

//

//

18

1

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       29.   The parties agree that this Agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED:

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

7

8   E. MARTIN ESTRADA
    United States Attorney

9   _____   April 29, 2024

10  ROBERT J. KEENAN                     Date
    Assistant United States Attorney

11

12  _____   3-20-24
    ARNOLDO MERAZ                        Date

13  Defendant

14  _____   3-20-24

15  THOMAS S. GRUENBECK                  Date
    Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**CERTIFICATION OF DEFENDANT**

I have read this Agreement in its entirety. I have had enough time to review and consider the Agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms.

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this Agreement, and not for any other reason.

ARNOLDO MERAZ                                    3-20-24
Defendant                                        Date

20

DATE: January 2, 2024 v.4

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ARNOLDO MERAZ's attorney.  I have carefully and thoroughly discussed every part of this Agreement with my client.

I have fully advised my client of his rights, of possible pre-trial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this Agreement is an informed and voluntary one; and the Factual Basis set forth in this Agreement is sufficient to support my client's entry of guilty pleas to the subject charges.

_____      3-20-24
THOMAS S. GRUENBECK                   Date
Attorney for Defendant

DATE: January 2, 2024 v.4

**Exhibit "A"**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                         SOUTHERN DIVISION

11

12  UNITED STATES OF AMERICA,          Case No. 8:22-CR-184(A)-JWH

13                 Plaintiff,          F̲ I̲ R̲ S̲ T̲
                                       S̲ U̲ P̲ E̲ R̲ S̲ E̲ D̲ I̲ N̲ G̲
14            v.                       I̲ N̲ F̲ O̲ R̲ M̲ A̲ T̲ I̲ O̲ N̲

15  ARNOLDO MERAZ,                     [21 U.S.C. §§ 841(a)(1),
                                       (b)(1)(A)(vi), (b)(1)(B)(vi), and
16                 Defendant.          (b)(1)(C): Possession with Intent
                                       to Distribute Fentanyl and
17                                     Cocaine]

18

19

20

21        The United States Attorney charges:

22                            COUNT ONE

23            [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

24       On or about September 30, 2022, in Orange County, within the

25  Central District of California, defendant ARNOLDO MERAZ knowingly and

26  intentionally possessed with intent to distribute at least 400 grams,

27  that is, approximately 436.6 grams, of N-phenyl-N-[1-(2-phenylethyl)-

28

4-piperidinyl] propanamide (also known as "fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about November 28, 2022, in Orange County, within the Central District of California, defendant ARNOLDO MERAZ knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 49.03 grams, of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as "fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 5, 2022, in Orange County, within the Central District of California, defendant ARNOLDO MERAZ knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 19, 2022, in Orange County, within the Central District of California, defendant ARNOLDO MERAZ knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-Piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1                               COUNT FIVE

2                    [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

3        On or about December 19, 2022, in Orange County, within the

4   Central District of California, defendant ARNOLDO MERAZ knowingly and

5   intentionally possessed with intent to distribute cocaine, a Schedule

6   II narcotic drug controlled substance.

7                                    E. MARTIN ESTRADA
                                     United States Attorney
8

9
                                     MACK E. JENKINS
10                                   Assistant United States Attorney
                                     Chief, Criminal Division
11
                                     BENJAMIN R. BARRON
12                                   Assistant United States Attorney
                                     Chief, Santa Ana Branch Office
13
                                     JENNIFER L. WAIER
14                                   Assistant United States Attorney
                                     Deputy Chief, Santa Ana Branch
15                                   Office

16                                   ROBERT J. KEENAN
                                     Assistant United States Attorney
17                                   Santa Ana Branch Office

18

19

20

21

22

23

24

25

26

27

28